IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CF LANE, LLC, | : | CIVIL ACTION NO. |
| | : | 1:14-CV-0791-TWT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MONIQUE STEPHENS, | : | |
| | : | **FINAL REPORT AND** |
| Defendant. | : | **RECOMMENDATION** |

Defendant Monique Stephens seeks leave under 28 U.S.C. § 1915(a)(1) to remove this action to this Court *in forma pauperis,* without prepaying applicable fees and costs or security therefor. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] indicates that she is unable to pay the filing fee or to incur the costs of these proceedings. Defendant thus satisfies the requirements of 28 U.S.C. § 1915(a)(1), and Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**. This action shall therefore proceed as any other civil action, and Defendant shall be allowed to proceed without prepayment of a filing fee.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). The undersigned must therefore examine Defendant's "Petition for Removal With A Federal Stay Of Eviction Pursuant to 28 USCA 1446(d)" [1-1] ("Notice of Removal") to determine whether this Court has jurisdiction over Plaintiff's claims.

Defendant alleges that Plaintiff violated 15 U.S.C. § 1692 and Fed. R. Civ. P. 60. *See* Notice of Removal [1-1] ¶ 1. Thus, it appears Defendant is alleging that this Court has subject matter jurisdiction over this case on the basis of a federal question. Indeed, Plaintiff invokes such jurisdiction in her Civil Cover Sheet [1-2]. *See* Civil Cover Sheet [1-2] at 1. The Court has reviewed the record, however, and determines that Defendant has not established federal question jurisdiction.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant sued in state court may remove a civil action

to a federal district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995). Defendant, however, does not contend that Plaintiff has asserted any federal claims in this case, and a review of the record reveals that Plaintiff has asserted no federal claims.

Instead, Defendant's Notice of Removal [1-1] indicates that Plaintiff's action in the Magistrate Court of Rockdale County is a dispossessory action to evict Defendant for the failure to pay rent. *See* Notice of Removal [1-1] ¶ 2 and *id*. at 6-7. An eviction or dispossessory action is a process governed by state law that does not typically implicate federal law. Defendant has not identified in the Notice of Removal [1-1] any federal question that Plaintiff's state court eviction action raises. To the extent that Defendant is attempting to remove this action by asserting defenses or counterclaims which invoke federal statutes, that basis of removal is improper. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient

to confer jurisdiction on this Court to hear an action removed from a state court. *See Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D.Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

Finally, the Court notes that the relief Defendant seeks in the title of its filing – "a Federal Stay Of Eviction" – is a stay of a state court eviction action. Under the Anti-Injunction Act, 28 U.S.C. § 2283,[1] this Court cannot enjoin a state court action for eviction. The Anti-Injunction Act is "an absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "The three excepted circumstances are (i) the express provisions of another act of Congress authorizing such an order; (ii) necessity in aid of the federal court's jurisdiction; and (iii) the need to protect or effectuate the federal court's judgments." *Std. Microsystems Corp. v. Texas Instruments, Inc.*, 916 F.2d 58, 60 (2d

---

[1] The Anti-Injunction Act states: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Cir. 1990). None of those exceptions applies in this case. This prohibition against injunctions applies whether the movant seeks to enjoin the parties to the action or the state court itself. *See, e.g.*, *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir.1998). In this case, Defendant seeks to enjoin Plaintiff from proceeding with an eviction action already filed in state court, and the state court itself. *See* Notice of Removal [1-1] ¶ 2. The Anti-Injunction Act, however, absolutely prohibits this Court from granting such relief.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed above, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Rockdale County, Georgia.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO RECOMMENDED** this 24th day of March, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE